## LOWE *v.* WILLIAMS.

**A suit pending in an appellate State court, after it has been prosecuted to final judgment in a court of original jurisdiction, cannot be removed to the Circuit Court of the United States.**

ERROR to the Supreme Court of the State of Nebraska.

Williams, a citizen of Iowa, brought suit, June. 9, 1869, in the District Court of the second judicial district of Nebraska, against Lowe, a citizen of the latter State, and obtained judgment Aug. 4, 1874, for $7,532.42. . Lowe thereupon appealed to the Supreme Court, and, on the 14th of August, 1875, filed˙ his petition in the latter court for the removal of the cause to the Circuit Court of the United States for the district of Nebraska. The prayer of the petition was rejected, and the court, March 30, 1876, rendered final judgment.

Lowe thereupon sued out this writ of error.

So much of the act of March 3, 1875, 18 Stat. 470, as applies to the question of the right of removal, is as follows : —

"SECT. 2. That any suit of a civil nature, at law or in equity, now pending or hereafter brought in any State court, where the matter in dispute exceeds, exclusive of costs, the sum or value of $500, and arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which the United States shall be plaintiff or petitioner, or in which there shall be a controversy between citizens of differ-

ent States, or a controversy between citizens of the same State, claiming lands under grants of different States, or a controversy between citizens of a State and foreign States, citizens, or subjects, either party may remove said suit into the Circuit Court of the United States for the proper district. . . .

"SECT. 3. That whenever either party, or any one or more of the plaintiffs or defendants entitled to remove any suit mentioned in the next preceding section, shall desire to remove such suit from a State court to the Circuit Court of the United States, he or they may make and file a petition in such suit in such State court before or at the term at which said cause could be first tried, and before the trial thereof, for the removal of such suit into the Circuit Court to be held in the district where such suit is pending." . . .

*Mr. W. R. Steele* moved to dismiss the writ of error, and united with it a motion to affirm the judgment of the Supreme Court of the State of Nebraska.

*Mr. Montgomery Blair, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The act of March 2, 1867, 14 Stat. 558, provided for the removal of causes from the State courts to the circuit courts, under certain circumstances, when due application was made " before the final hearing or trial of the suit." This we held in *Stevenson* v. *Williams*, 19 Wall. 575, to mean " before final judgment in the court of original jurisdiction where the suit is brought." To the same effect are *Vannever* v. *Bryant*, 21 id. 43, and *Fashnacht* v. *Frank*, 23 id. 419, decided since. The act of March 3, 1875, 18 Stat. 471, under which the removal was attempted in this case, requires the petition to be filed " before the final trial." The decisions under the act of 1867 are, therefore, equally applicable to that of 1875. The petition for removal was filed in the appellate court, and, of course, long after the final judgment in the court of original jurisdiction.

Under these circumstances, we consider that, while a Federal question is presented by the record, it is one that has already been settled, and needs no further argument.

*The motion to dismiss denied ; that to affirm granted.*