## Case No. 5,068.

### In re FRAZER.

[18 Alb. Law J. 353; 25 Int. Rev. Rec. 226; 6 Reporter, 357; 3 Cin. Law Bul. 668; 7 Wkly. Dig. 129; 10 Chi. Leg. News, 390; 7 Cent. Law J. 227; 26 Pittsb. Leg. J. 147.]

Circuit Court, E. D. Michigan. Aug., 1878.

W. Jennison, for proponents.
H. M. Duffield, contra.

SWAYNE, Circuit Judge. The case was fully and ably argued before me upon both sides. I have examined it with care, and my conclusions are as follows:

1. Aside from other objections, the application for the removal of the case to the federal court was made too late. It should have been made before the decree of the probate court was entered, and the appeal taken to the higher state court. Thereafter the right of removal was at an end; the delay was fatal. Such an application cannot be made to an appellate court. Stevenson v. Williams, 19 Wall. [86 U. S.] 572; Vannevar v. Bryant, 21 Wall. [88 U. S.] 41; Lowe v. Williams, 94 U. S. 650. There was no waiver of this objection by the proponents. The order for the issue of a writ of certiorari to bring up the full record was made by the federal court sua sponte. The proponents were in nowise actors touching its issue.

2. The proponents are all citizens of Michigan. There were six contestants in the probate court. Four of them were citizens of Michigan, and two of other states. All of them appealed to the state circuit court. The four who were citizens united in one appeal, and the two not citizens in another. The latter only petitioned that court for the removal of the case, and gave the requisite bond. The only question presented in the appellate court was as to the mental capacity of the testator, and the validity of the will. The court directed the same issue to be made upon each appeal as if they were separate cases. Upon an application to the supreme court of the state for a mandamus to vacate an order of consolidation made by the state circuit court, it was held that the two appeals constituted inherently and necessarily but one case, and must necessarily be tried together, and that hence no order of consolidation was needed. This was obviously correct. The case, as presented, was a unit and indivisible. The question to be tried was a single one, and affected alike all concerned, by whomsoever raised. The re-

sult must necessarily be final and dispose of the entire controversy. Lingan v. Henderson, 1 Bland, 236.

If the removal was well made, the anomaly will follow that each court may try the validity of the will at the same time independently of the other, in the absence of indispensable parties, and opposite results may be reached. In one court, the will may be held valid, and invalid in the other, and for this state of things there can be no remedy. For the purposes of this case it may be conceded that the 12th section of the act of 1789 [1 Stat. 79], and the acts of 1866 and 1867 [14 Stat. 306, 558], re-enacted in the Revised Statutes of the United States (section 639, cls. 1, 2, 3), are not repealed by the act of 1875 [18 Stat. 470].

(a) The case was not removable under the section first named, because it was always held under that provision that all the plaintiffs must be citizens of the state where the suit is brought, and all the defendants citizens of other states. Dill. Rem. Causes, 17, 18.

(b) Nor under the act of 1866, because it is not a suit brought "for the purpose of restraining or enjoining" the contestants. Nor can there be "a final determination of the controversy so far as concerns" them, "without the presence of other defendants in the cause." Shields v. Barrows, 17 How. [58 U. S.] 130.

(c) Nor under the act of 1867, commonly known as the "Prejudice and Local Influence Act," because the removal was not applied for upon either of those grounds, and neither was alleged by the petitioners.

(d) The act of 1875: This act contains two clauses proper to be considered. It declares (1) that "any suit" * * * "in which there shall be a controversy between citizens of different states," etc., "either party may remove said suit into the circuit court of the United States." Further: (2) "And when in any suit," etc., "there shall be a controversy which is wholly between citizens of different states, and which can be fully decided as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit to the circuit court of the United States," etc.

Viewing the first of these extracts in the light of the past adjudications, and in the absence of any expression from the supreme court, I feel constrained (whatever might be my judgment under other circumstances), to hold that the term "party" is collective, and means all the plaintiffs and all the defendants, and that all on each side must be "citizens of different states" from those on the other side. See Dill. Rem. Causes, 29, 30. This latter construction of the phrase "party" derives support from the second paragraph quoted. In regard to that paragraph it is sufficient to say that this "controversy" is not "wholly between citizens of

different states," and cannot be "fully determined as between" the parties before the court. There are other contestants whose presence is indispensable. They are not, and it is believed cannot be, present as parties in this litigation in the federal tribunal.

3. A federal court has no jurisdiction in cases of proceedings to establish a will. In Gaines v. Fuentes, 92 U. S. 10, the supreme court said: "There are, it is true, in several of the decisions of this court, expressions of opinion that federal courts have no probate jurisdiction, referring particularly to the establishment of wills, and such is undoubtedly the case under the existing legislation of congress."

By this ruling I am bound, and it is conclusive of the case. See, also, Broderick's Will, 21 Wall. [88 U. S.] 504; Du Vivier v. Hopkins, 116 Mass. 125; Yonley v. Lavender, 21 Wall. [88 U. S.] 276; Tarver v. Tarver, 9 Pet. [34 U. S.] 174; Fouvergne v. New Orleans, 18 How. [59 U. S.] 470; [Adams v. Preston] 22 How. [63 U. S.] 473, 478. Whether the proceedings here in question is a "suit," within the meaning of the several removal acts, is a question not necessary to be considered. Cause remanded.