Herman Kruegel v. Chas. F. Bolanz et al.

No. 1671.    Decided May 22, 1907.

**1.—Cross Bill—Citation—Judge as Defendant.**

The filing of a cross bill seeking to make the judge before whom a cause was pending a party defendant, without process issued or actual notice thereof, did not affect the judge nor disqualify him as a party from trying the cause. (P 577.)

**2.—Same—Pleading.**

The cross bill filed in this case, which attempted to charge a judge with partiality and acting in bad faith, and with having an understanding with plaintiffs, is held to show no cause of action against him and to disclose no purpose on the part of defendant except that of disqualifying the presiding judge from trying the case, and to be insufficient therefor. (Pp. 572–577.)

Question certified from the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

*Herman Kruegel,* plaintiff in error, in pro. per.—A judge of a court, who is a party to a suit, is by law disqualified, and prohibited from presiding in such suit, and can not legally instruct a jury, or enter order or judgment of any kind in such suit. Const. of Texas, art. 5, sec. 11; Rev. Stats. of Texas, art. 1069.

*Cobb & Avery,* for defendants in error.—This record does not show that Judge Morgan was disqualified to try this case and render judgment. Houston v. Ward, 8 Texas, 123; Gullet v. O'Connor, 54 Texas, 408; Moody v. Smoot, 78 Texas, 119; Greenwood v. Watts, 1 W. & W. Civ. Cases, sec. 114, p. 46.

BROWN, Associate Justice.—Certified question from the Court of Civil Appeals for the Fifth Supreme Judicial District. The statement and questions are as follows:

"Chas. F. Bolanz and his wife, Mrs. Rowena Bolanz, and J. P. Murphy, instituted this suit against Herman Kruegel and J. R. Johnson, citizens of Dallas County, Texas, and H. D. Peck, of Augusta County, State of Virginia, on December 29, 1903, in the Forty-fourth District Court of Texas. The petition alleged in substance that H. D. Peck filed suit against the said Murphy and Bolanz, a firm composed of Chas. F. Bolanz and J. P. Murphy, in 1895, in said District Court, and recovered judgment therein on October 22, 1895, for $1,135.80. That thereafter, in September, 1898, said firm and J. P. Murphy and C. F. Bolanz were, on their own petition, adjudged bankrupts by the United States Court for the Northern District of Texas at Dallas, and on June 8, 1899, received from said court a discharge from all claims and debts against them; that in said bankruptcy proceedings said claim and judgment was duly scheduled, and was duly proved by said Peck against them, and allowed by the referee in bankruptcy; that said claim and judgment of H. D. Peck was a provable claim against them, and not such a claim and debt as was by law excepted from the operation of a discharge in bankruptcy, and that said court had full jurisdiction of all

matters and of said claim and judgment of said Peck. They plead said proceedings and discharge as a full discharge from said claim and judgment. They further allege that, in 1901, Peck transferred to Herman Kruegel some interest in said judgment, the amount of which was unknown, but is believed by them to be a one-half interest. That said Peck and Kruegel, claiming that Murphy & Bolanz were liable on said judgment, on December 8, 1903, caused an execution to be issued by H. W. Jones, clerk of the court in which the judgment was rendered, on said judgment, and to be placed in the hands of J. R. Johnson, sheriff of Dallas County, and directed him to levy on certain real estate, a part of block 70 in the City of Dallas, Texas, and particularly described in the petition. That a levy of said execution was made by said Johnson on December 15, 1903, and the property advertised for sale on January 5, 1904. That said property was not owned by Murphy & Bolanz prior to June 8, 1899, nor either of the members of said firm, nor did they have any interest therein. That said property was acquired by Mrs. Rowena Bolanz on September 3, 1903, and she now owns the same, and that it was paid for by her out of her own separate money and means, and is owned by her in her own separate right, and is not subject to said levy and sale, and that a sale will cast a cloud upon her title and cause her irreparable damage. That said Kruegel is insolvent and said Peck is a nonresident of Texas. There was a prayer for an injunction against selling said property under said judgment, execution and levy; and upon final hearing, that said defendants be enjoined from enforcing or levying said execution on any of plaintiff's property, and from issuing, or causing execution to be issued or levied by any other execution on said judgment, and that said Murphy & Bolanz, and the members of said firm, be adjudged to be released and discharged from said judgment. There was a prayer for citation and notice to defendants, and for judgment for costs and general relief. The petition was verified by the affidavit of Chas. F. Bolanz. On December 28, 1903, the judge of the District Court for the Forty-fourth District granted a temporary injunction. On April 13, 1904, Herman Kruegel filed his first amended answer and cross-bill, in which he alleged that he was the principal defendant, and that J. R. Johnson and H. D. Peck were merely nominal parties, and plead a general demurrer. That the judgment was more than twelve months old prior to date of injunction; that the court had no jurisdiction to grant the injunction; that the injunction could only be granted by the bankrupt court; that the petition fails to show that the property levied upon was purchased before Mrs. Bolanz's marriage. A general denial, and various other matters, were plead; those material to the questions propounded are embraced in the ninth clause of the answer as follows:

" 'And for further answer, by way of reconvention and cross-bill, defendant Kruegel appeals to the equitable powers of this court to reimburse him for the losses and injury sustained and consequented by the unlawful collusion and conspiracy, and the bringing of this suit, and shows to the court, and complains of Chas. F. Bolanz, J. P. Murphy and Mrs. Rowena A. Bolanz, the plaintiffs herein, who instigated this suit for injunction; and with them joins their counsel, Cobb & Avery, who prepared and filed the petition for injunction, and M. M.

Thompson, who, as notary public, took the affidavit of Chas. F. Bolanz that the statements in said petition are true, and Richard Morgan, who, as judge of this Forty-fourth Judicial District Court of Texas, granted the temporary restraining order on the grounds stated in said petition, and specially complains of each and all of them, and says that said suit was not instituted in good faith by the aforesaid plaintiffs, and that said suit was not prepared by their said counsel in good faith, and that said affidavit was not made by Chas. F. Bolanz, or taken by M. M. Thompson, in good faith, and that the temporary restraining order was not granted by the said Judge Morgan in good faith; but that each and all of said acts were unlawfully done with corrupt and barratrous intention, under a conspiracy and private understanding with each other to assist them in holding their ill-gotten property, and to hinder, delay, cheat and swindle their many creditors, and particularly this defendant, Herman Kruegel, out of his just and lawful claims, suits and judgment, under cover and pretense of color of law. And defendant Kruegel believes, and so avers, that the plaintiffs in this suit, and the other parties, Cobb & Avery, M. M. Thompson and Richard Morgan, each and all of them, well knew that defendant Kruegel's said judgment claim in controversy was created by Murphy & Bolanz's fraud and embezzlement of H. D. Peck's funds, and that the aforesaid judgment obtained by H. D. Peck against Murphy & Bolanz can not, in a fair and honorable way, be legally canceled or set aside by due course of law in a court of competent jurisdiction in the State of Texas, without good cause, and in a suit brought for that purpose, because a court of competent jurisdiction is not capable of rendering such a judgment. And defendant further believes, and so avers, that the aforesaid temporary restraining order and injunction was made and granted with corrupt intent by the use of undue influence and slick and legal talent of their counsel, Cobb & Avery, who have heretofore, under a conspiracy with Murphy & Bolanz, and with one E. T. Loughborough, assignee of Murphy & Bolanz's certain fraudulent assignment, in a bold, slick and unlawful way, swindled or defrauded the Murphy & Bolanz creditors, of which this defendant was one, out of about $40,000; that is, the value and income of Murphy & Bolanz's business house, known as No. 253 Main Street, in Dallas, Texas, and are now in this case under the same conspiracy with one another, and the use of undue influence, and in a manner not sanctioned by law, barratrously contrary to law, conspiring against law and the statutes of the State of Texas and its good name, attempting to repudiate the judgments of its courts in these premises, for the sole purpose of injuring this defendant Kruegel, to worry and burden him with numerous suits and appeals, and thereby, by sophistry under pretense of color of law, cunningly and artistically hinder, delay and defeat defendants' honorable efforts, collecting the money on his said just and lawful judgment claim by due course of law; a right guaranteed to him by the law and the statutes and the Constitution of the State of Texas.

" 'Defendant Kruegel further avers that each of said plaintiffs, especially the law firm of Cobb & Avery, and Richard Morgan, the judge of this Forty-fourth District Court of Texas, know, or ought to know, and if they did not know, then they had the means to ascertain, that an un-

satisfied judgment rendered in a court of competent jurisdiction in the State of Texas, and otherwise kept in full force, remains so until set aside, and made null and void for good cause, in a proper and direct legal judicial proceeding brought for that purpose, and is not subject to any collateral attack, and that the enforcing of a judgment can not be enjoined after the expiration of twelve months, and that, as a matter of law, state courts are ousted of their jurisdiction over cases by a discharge in bankruptcy, or other matters in a federal bankruptcy court, unless demand is made and accompanied by an order from such Federal Court.'

"The prayer was as follows: 'Wherefore, defendant Kruegel· prays that plaintiffs, Chas. F. Bolanz, J. P. Murphy, Mrs. Rowena A. Bolanz, Cobb & Avery, M. M. Thompson and Richard Morgan, or their counsel of record, after having been duly served in terms of law with notice of defendant's cross-bill herein contained, be required to take notice of defendant Kruegel's said cross-bill as set out under division 9 of this amended answer, and make answer thereto, and in such answer show cause why they should not each severally and jointly respond in damages to defendant Kruegel's cross-bill herein contained, as prayed for. And that, upon final hearing of this suit, defendant Kruegel have judgment; first, that the temporary restraining order granted by Richard Morgan, the judge of this court in these premises on December 28, 1903, be dissolved; and that he recover on his cross-bill set out under divisions 9 and 10 of this amended answer, against all the parties herein named, the sum of $5,000 each in actual and exemplary damages, and such other relief as he may in law and equity be entitled to.'

"The record does not show that citation was issued on this answer and cross-bill to Cobb & Avery, M. M. Thompson or Richard Morgan, or that Judge Morgan had notice of the same prior to the adjournment of court at its November term, 1904. On the 23d day of November, 1904, the cause came on to be heard, and proceeded to trial, and the court instructed a verdict for plaintiffs, upon which judgment was rendered in accordance with the prayer of the petition. On the same day a motion for new trial was filed by Kruegel, in which he alleges that plaintiffs, and their counsel, and the judge of the court, well knew that defendant Kruegel was held under duress, restrained of his liberty, and could not appear in court, though he had asked permission of the sheriff, and made all legal effort to do so. That the judgment was contrary to law. The motion was not verified. The motion coming on to be heard on November 26, 1904, was by the court overruled.

"On December 22, 1904, the said Kruegel filed what is styled 'Defendant Kruegel's motion to reconsider motion for new trial.' In this motion it is alleged: 'Defendant Kruegel has good reasons to believe that the judge of this court is partial and highly prejudiced against defendant Kruegel in the interest of plaintiff Chas. F. Bolanz, and the firm of Murphy & Bolanz, and that the judge's interests are so identical with that of plaintiff Bolanz and the firm of Murphy & Bolanz that defendant Kruegel can not reasonably expect a fair and impartial trial in any case against Murphy & Bolanz, or either of them, growing out of their fraudulent assignment.' This motion contains no other allegation as to Judge Morgan's disqualification.

"It was alleged generally that defendant Kruegel had a meritorious defense to the suit, and, as ground for not being present to present the same on trial, he alleged: 'That he knew and remembered said case was set for trial Wednesday, November 23, 1904, and that he was on said day, and had for the preceding six days before, since Thursday, November 17, 1904, been unlawfully restrained from his liberty and confined in the county jail of Dallas County for an unlawful and indefinite period of time (until he purge himself of contempt of court) by one of his codefendants, J. Roll Johnson, sheriff of Dallas County, under a pretended order and commitment issued by Judge Nash of the Four-teenth. District Court, for a supposed violation of an injunction; and that, on the evening before the day of trial of said case, defendant phoned from the jail to said sheriff's residence, and informed him of said case being set for trial the next day, November 23, and wanted to appear in court, and that said sheriff promised that he would see to it in the morning, and requested defendant to ring him up in the morning at the sheriff's office, which defendant did about 9 o'clock a. m.; but the sheriff had not then arrived, and his deputies refused to act, and when the sheriff did arrive, then defendant was informed by phone there was no extra man in the office to send, and finally two deputy sheriffs came to the jail, one of whom was Jack Witt, chief deputy, with whom defendant went to the sheriff's office and went immediately from there with Robert Laws, deputy sheriff, to the Forty-fourth District Court room, and arrived there about twenty-five minutes past ten o'clock, just in time to be too late for trial, when the court was reading its last portion of its charge to the jury.' This motion was sworn to by Herman Kruegel.

"On the same day this motion was filed, to wit: December 22, 1904, Kruegel requested the court to continue said motion without prejudice to the next term of court, which request was granted and the motion continued. At the succeeding term of court, and on January 7, 1905, the motion came on to be heard, and was by the court overruled, to which ruling Kruegel excepted and gave notice of appeal.

"On November 20, 1905, Herman Kruegel filed a petition for writ of error to have the judgment and proceedings in the cause reviewed on appeal, the prayer for citation being as follows: 'That you immediately issue a citation in error to the said Chas. F. Bolanz, J. P. Murphy, Mrs. Rowena A. Bolanz, Cobb & Avery, a firm composed of Chas. C. Cobb and John M. Avery, and M. M. Thompson, who each and all were the parties in whose favor the judgment aforesaid was rendered against Herman Kruegel, and who each and all reside in the city and county of Dallas, Texas, and are defendants in error herein.' Judge Morgan is not made a party to the petition for writ of error.

"The brief of plaintiff in error does not meet the requirements of the statute and rules, and does not show any ground for reversing the judgment, unless it should be reversed on the question propounded below.

"The following questions are suggested by the record, upon which we desire the opinion of the Honorable Supreme Court:

"Question 1. Do the foregoing facts make the Honorable Richard Morgan such a party to the suit as disqualified him from trying the cause and require a reversal of the judgment?

"Question 2. Is it apparent, from the above facts, that the purpose of making Judge Morgan a party to the suit was to disqualify him from trying the cause, and, if so, does this fact require a reversal of the judgment?"

To both of the questions submitted we make the following answer: The filing of the cross-bill, without notice or service of process, would not have affected plaintiffs in the original suit. (Harris v. Schlinke, 95 Texas, 91.) In the case cited this court said: "The cross-bill, as an independent action, was as fully under the control of the defendant as was the original suit subject to the will of the plaintiffs, and it follows logically that the same means should have been used to call upon the defendants to the cross-bill to answer its charges as were required by law to compel the defendant in the original suit to appear and plead to that complaint." For stronger reason, the filing of the cross-bill in this instance, without service of process or actual notice, could not affect Judge Morgan, who was not a party to the original proceeding, and did not have the effect to disqualify him, as a party to the suit or a party interested in the cause of action, to try the plaintiffs' case.

The facts shown in the statement, with the allegations in the cross-bill, do not disclose any cause of action against Judge Richard Morgan, and disclose no purpose on the part of the defendant but that of disqualifying Judge Morgan to try the original suit. If it should be permitted at all for a defendant to introduce into a pending suit an independent action by which the judge would be disqualified, and the plaintiff would be deprived of a trial before the court of his choice, it certainly must be required of such party to show with some certainty that he had a genuine cause of complaint against the judge whom he thus makes a party to his action. In this the appellant wholly failed in his cross-bill.