[No. 7172–1.   Division One.   November 13, 1979.]

RANDY KUCHENREUTHER, ET AL, *Appellants,* v. WHATCOM COUNTY, ET AL, *Respondents.*

*John D. Pappas* and *James N. Fischer,* for appellants.

*David S. McEachran, Prosecuting Attorney, Gene Moses, Deputy, Jeffers, Danielson & Foreman, P.S., Dale M. Foreman,* and *T. W. Small, Jr.,* for respondents.

WILLIAMS, J.—This is an action to recover damages for malicious prosecution and outrage. The prosecuting attorney for Whatcom County, David S. McEachran, with the assistance of his deputy, James Doran, filed an information against Randy Kuchenreuther charging him with third-degree theft and then, in an amended information, with the crime of misappropriation of entrusted property. When the

charge of misappropriation was subsequently dismissed, Kuchenreuther brought this action against the prosecuting attorney, his deputy and the county alleging that they:

> willfully, wantonly, maliciously, wrongfully, and outrageously abused the prosecutorial processes and acted outside of said process in an improper and perverted manner to accomplish a result outside the lawful purposes of legal process.

The defendants, claiming absolute immunity, moved for summary judgment of dismissal. The motion was granted and this appeal followed. We affirm.

■ The rule is that a prosecuting attorney is absolutely immune from civil liability for acts done in his official capacity. As was said in *Anderson v. Manley,* 181 Wash. 327, 331, 43 P.2d 39 (1935):

> While it is true that a prosecuting attorney acting in a matter which is clearly outside of the duties of his office is personally liable to one injured by his acts, a prosecuting attorney, as stated above, is not liable for instituting prosecution, although he acted with malice and without probable cause, if the matters acted on are among those generally committed by the law to the control or supervision of the office and are not palpably beyond authority of the office.

The public policy requiring absolute immunity is well stated in *Imbler b. Pachtman,* 424 U.S. 409, 422–24, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976):

> The common–law immunity of a prosecutor is based upon the same considerations that underlie the common–law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust. One court expressed both considerations as follows:
>
> > "The office of public prosecutor is one which must be administered with courage and independence. Yet how can this be if the prosecutor is made subject to suit by those whom he accuses and fails to convict? To

allow this would open the way for unlimited harassment and embarrassment of the most conscientious officials by those who would profit thereby. There would be involved in every case the possible consequences of a failure to obtain a conviction. There would always be a question of possible civil action in case the prosecutor saw fit to move dismissal of the case. . . . The apprehension of such consequences would tend toward great uneasiness and toward weakening the fearless and impartial policy which should characterize the administration of this office. The work of the prosecutor would thus be impeded and we would have moved away from the desired objective of stricter and fairer law enforcement." *Pearson v. Reed,* 6 Cal. App. 2d 277, 287, 44 P. 2d 592, 597 (1935).

(Footnote omitted.)

The county is likewise immune from liability for the acts of its prosecuting attorney in the performance of his duties. *Creelman v. Svenning,* 67 Wn.2d 882, 410 P.2d 606 (1966).

In his complaint Kuchenreuther alleged that the prosecutor was acting outside the prosecutorial process, but described no action taken beyond the scope of the prosecutor's official duties. Consequently, there is no basis for liability.

Kuchenreuther also argues that the court should not have foreshortened the time for hearing the defendants' motion for dismissal either pursuant to CR 12(b)(6) or by summary judgment. The action was filed on November 3, 1978, and heard on November 6, a day before the general election in which McEachran was standing for reelection. The summary judgment of dismissal was not signed until January 3, 1979, though, and only after the court "heard continuing arguments by both counsel, and reviewed the law cited by counsel. . . ." Accordingly, the promptness of the hearing could not have prejudiced Kuchenreuther, who had ample time to resist the motion.

Other questions raised by the parties are insubstantial.

The judgment is affirmed.

CALLOW, C.J., and RINGOLD, J., concur.

Reconsideration denied February 13, 1980.

Review denied by Supreme Court April 24, 1980.