Francis Bacik, Appellant *v.* Commonwealth of
Pennsylvania, Appellee.

Argued May 4, 1981, before Judges BLATT, CRAIG
and MACPHAIL, sitting as a panel of three.

*Francis Bacik*, petitioner, for himself.

*Kemal Alexander Mericli,* Assistant District Attorney, with him *Robert E. Colville,* District Attorney, and *Robert L. Eberhardt,* Deputy District Attorney, for appellee.

OPINION BY JUDGE BLATT, September 11, 1981:

Francis Bacik (appellant) appeals from a decision of the Court of Common Pleas of Allegheny County which adjudged him guilty of two violations of Harrison Township Ordinance Number 1187 (Ordinance 1187) and imposed a fine and costs.

On April 2, 1980 the appellant was warned by a Harrison Township police officer that parking his partially dismantled vehicle on a public street or alley was a violation of a township ordinance. The appellant's car, from which the engine had been removed, was at that time parked on the street in front of his residence. He informed the police officer that he would have the car back together and operative within 72 hours, at which time he would remove it. Five days later, however, when the vehicle with its motor still partially dismantled and still undergoing repairs continued to be parked at the same location, a citation was issued to the appellant for violation of Section II(b) of Ordinance 1187. Four days after that, April 11, 1980, a second citation was issued for violation of Section II(c) of the same ordinance. At his May 1, 1980 appearance before the district magistrate, the appellant indicated that he desired the assistance of counsel, but was unable to afford it, and he was informed by the magistrate that he was not entitled to counsel in an ordinance violation case. After a hearing, he was then found guilty of violating Ordinance 1187 on two occasions and was fined $100.00 plus $26.00 in costs for each violation. He appealed to the Court of Common Pleas of Allegheny County and had a trial de novo at which he once more represented himself. He was again

found guilty of both violations with identical fines and costs imposed. This appeal followed.

Section II of the Township Ordinance 1187 provides in pertinent part that:

(b) No owner of any broken down or partially dismantled automobile shall allow such vehicle to be parked on any public street or alley within the Township.

(c) It shall be unlawful for any person to dump or discard any refuse, rubbish or junk upon any public highway, street or alley . . . in said Township.

Section I(c) of the ordinance defines "junk" as including, *inter alia,* "all broken down or dismantled automobiles or parts of dismantled automobiles or automobile equipment. . . ." The ordinance provides for imposition of a fine of not less than $10.00 nor more than $100.00 plus costs of prosecution upon conviction of each offense and, upon default of payment, that the offender shall "be sentenced and committed to the Allegheny County Jail for a period of not less than five (5) days nor a period of more than thirty (30) days."

The appellant, relying on *Argersinger v. Hamlin,* 407 U.S. 25 (1972), maintains that he was denied his state and federal constitutionally guaranteed right[1] to the assistance of counsel at both the district court and the common pleas court levels, and asserts that as a result, he failed to present his case properly and to preserve issues for appellate review.

In *Argersinger v. Hamlin, supra* at 37, the United States Supreme Court held that the federal constitution required that, "absent a knowing and intelligent waiver, no person may be *imprisoned* for any offense,

---

[1] U. S. Const. amend. VI; Pa. Const. art. I, §9.

whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." (Emphasis added.) The Court went on to say:

> Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be *imposed, even though local law permits it,* unless the accused is represented by counsel. . . .

> The run of misdemenaors will not be affected by today's ruling. But in those that end up in the *actual* deprivation of a person's liberty, the accused will receive the benefit of 'the guiding hand of counsel' so necessary when one's liberty is in jeopardy. (Emphasis added.)

*Argersinger v. Hamlin, supra* at 40.

Subsection (a) of Pa. R. Crim. P. 316, designed to implement the decision of *Argersinger v. Hamlin, supra,*[2] provides that:

> Counsel shall be assigned in all summary cases to all defendants who are without financial resources or who are otherwise unable to employ counsel when there is *a likelihood that imprisonment will be imposed.* (Emphasis added.)

The Comment following the Rule indicates that Pa. R. Crim. P. 316(a) requires the assignment of trial counsel to indigent defendants upon a determination by the issuing authority that it is *likely* that a defendant will be *sentenced* to imprisonment upon a finding of guilt. This theme is reiterated in the Comment following Pa. R. Crim. P. 63 which, in analyzing that rule's provision that "[t]he defendant shall be advised of his right to retain counsel," notes that "[t]he defendant has a right to counsel at trial in all summary cases in which the issuing authority determines that there is

---

[2] *See* Comment following Pa. R. Crim. P. 316.

a *likelihood* of imprisonment. See Rule 316." (Emphasis added.)

The only sentence provided by the ordinance in question here is a fine and costs; only upon default of payment of the penalty and attendant costs does the possibility of imprisonment arise, and upon the occurrence of such default, the ordinance requires that the defendant *then* be sentenced and committed to the county jail. Moreover, Pa. R. Crim. P. 65(a) provides that:

> If a defendant, sentenced to pay a fine or costs after a finding of guilt in a summary case, defaults in such payments, the issuing authority shall not commit the defendant to prison for failure to pay a fine or costs unless, after hearing, it appears that the defendant is financially able to pay the fine or costs.

It is clear, therefore, that the possibility of a sentence of imprisonment only comes into play upon a determination of default in a second and subsequent hearing and is never a consideration in the original sentencing procedure. Furthermore, it is evident that Pa. R. Crim. P. 65 precludes the possibility of imprisonment ever being imposed upon one whose indigency is established. The appellant cannot prevail, therefore, in his assertion of a right to representation by appointed counsel for this ordinance violation.

The appellant further argues that the language of Ordinance 1187 is overbroad and unconstitutionally vague, alleging that the combined effect of Sections II(a) and (b) of the ordinace is effectively to eliminate the non-commercial repair of automobiles within the township. As we read this ordinance, however, township owners and occupants are prohibited under Section II(b) from parking a disabled or partially disabled vehicle on a public street or alley and, under Section II(a) from accumulating junk, as defined in

the ordinance, on property, buildings or premises within the township; it, however, is not of concern here, for the appellant was charged with violation of Sections II(b) and (c) and not with violation of Section II(a). Section II(b), under which the appellant *was* charged, moreover, articulates a specific and appropriate exercise of the police power by the township in controlling and preventing the accumulation of refuse, rubbish and junk upon its streets and cannot be described as suffering from either overbreadth or vagueness.

The appellant asserts finally that he was denied the right to trial by jury at his trial de novo guaranteed him by Article I, Section 6 of the Pennsylvania Constitution.[3] It is well-settled, however, that no right to a jury trial exists at such trials when a sentence of six months or less is imposed. *Baldwin v. New York*, 399 U.S. 66 (1970); *In re Martorano*, 464 Pa. 66, 346 A.2d 22 (1975); *Commonwealth v. Mayberry*, 459 Pa. 91, 327 A.2d 86 (1974). In the instant case imprisonment was not, and could not have been, imposed at the trial de novo, under the provisions of the ordinance, and the only sentence mandated by the ordinance was a fine and costs. Only upon a subsequent default in payment of the penalty by the appellant did the possibility, *after a hearing,* of a sentence of imprisonment arise, and, in the case of an indigent, imposition of such a sentence would be foreclosed. Pa. R. Crim. P.

---

[3] The appellant also relies, improperly, upon *Commonwealth v. Harmon*, 469 Pa. 490, 366 A.2d 895 (1976), which deals with the guarantee afforded by Article V, Section 16(r)(iii) of the Pennsylvania Constitution, Pa. Const. art. V, §16(r)(iii), of the right to trial by jury in a trial de novo in the court of common pleas upon appeal from the Philadelphia Municipal Court. Section 16 of Article V is restricted to the judicial system within the city of Philadelphia and does not apply to a case being tried in Allegheny County. Section 17 of Article V which deals with judicial matters pertaining to Allegheny County, does not contain a similar provision.

65(a). The right to trial by jury preserved by the Pennsylvania Constitution is the right as it existed when such provision was first written into the state Constitution and does not apply to a summary proceeding for an ordinance violation. *See Scranton v. Hollenberg,* 152 Pa. Superior Ct. 138, 31 A.2d 437 (1943); *Oley Township v. Hauseman,* 61 Berks 58 (1968).

For the foregoing reasons, therefore, we must affirm the decision of the court below.

ORDER

AND Now, this 11th day of September, 1981, the judgment of sentence of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.