Virginia E. WRIGHT and Paris E. Wright

v.

**LONDON GROVE TOWNSHIP.**

Crim. A. No. 83–00205.

United States District Court, E.D. Pennsylvania.

June 2, 1983.

Virginia E. & Paris E. Wright, pro se.

John H. Spangler, Parke, Barnes, Byrne & Spangler, West Chester, Pa., for defendant.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

I have before me a petition seeking the removal of a criminal proceeding pending in the Court of Common Pleas of Chester County, Pennsylvania. Section 1446(c)(4) of Title 28 provides that when a petition for the removal of a criminal action is filed:

The United States district court to which such petition is directed shall examine the petition promptly. If it clearly appears on the face of the petition and any exhibits annexed thereto that the petition for removal should not be granted, the court shall make an order for its summary dismissal.

For the reasons which follow, I conclude that the petition should not be granted. The case will be remanded to the state court.

On March 1, 1982, petitioners were convicted and fined by a district justice for violations of the London Grove Township Zoning Ordinance of 1974. The specific violations involved the moving of a second mobile home onto their property. Petitioners filed a timely appeal to the Court of Common Pleas and are entitled to a trial *de novo*.[1]

Petitioners assert that their right to removal is based on the civil rights removal statute, 28 U.S.C. § 1443, and also upon diversity of citizenship. At the outset it is clear that diversity of citizenship is not a proper basis for removal of a criminal proceeding. In any event, the defendants seeking removal bear the burden of establishing that the requirements for removal are met. *Wilson v. Republic Iron and Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Petitioners have not made any averments as to the citizenship of any party. Even if diversity of citizenship were a proper basis for removal here, petitioners

would have to show that neither of them are citizens of Pennsylvania, the state in which the action was brought. *See* 28 U.S.C. § 1441(b). Accordingly, I find that the petition on its face will not support removal on the basis of diversity of citizenship.

The civil rights removal statute, 28 U.S.C. § 1443, states:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The petition for removal tracks the language of § 1443 and essentially makes three sets of allegations. First, petitioners characterize the Pennsylvania Municipal Planning Code, 53 P.S. 10101 *et seq.,* as amended, as "a law calling for the equal Civil Rights in the use and ownership of land in a reasonable non-discriminatory manner." The zoning laws are said to be customarily applied in Chester County in a way that discriminates against minorities. Petitioners assert that their equal protection and due process rights have been violated by this criminal prosecution. Second, petitioners allege that these same laws are being applied in a way that discriminates against females. Third, petitioners claim that the district justice violated their Sixth Amendment right by denying their request

---

1. Under the Third Circuit's decision in *Commonwealth of Pennsylvania v. Newcomer,* 618 F.2d 246, 250–252 (3d Cir.1980), I will assume that petitioners' right to a trial *de novo* renders this removal petition timely under 28 U.S.C. § 1446(c)(1). *Accord Calhoun v. City of Meridian,* 355 F.2d 209 (5th Cir.1966).

for assignment of counsel and their Fifth and Fourteenth Amendment right not to have their property taken without due process of law by taking the cash they posted as security to pay the fine imposed.

■ In two companion cases decided in 1966, the Supreme Court made it plain that the scope of § 1443 is highly circumscribed and permits removal only in specific and well-defined circumstances. As interpreted in *City of Greenwood v. Peacock,* 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), subsection (2) of § 1443 only affords a right of removal to federal officers and those acting under them. Accordingly, petitioners may only invoke § 1443(1) to secure removal.

■ The scope of § 1443(1) was defined in *Georgia v. Rachel,* 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). The Supreme Court emphasized that defendants are entitled to removal only if both requirements of that subsection are met. They must show both that the right on which they rely is a "right under any law providing for . . . equal civil rights" and that they are "denied or cannot enforce" that right in the state courts. As to the first requirement, the Court said:

> On the basis of the historical material that is available, we conclude that the phrase "any law providing for . . . equal civil rights" must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands.

*Id.,* at 792, 86 S.Ct. at 1790. Thus, statutes or constitutional provisions phrased in terms of general rights applicable to all citizens, rather than couched in the specific language of racial equality, will not provide a basis for removal under § 1443. Petitioners' allegations of violations of their due process rights and Sixth Amendment right to counsel [2] are, therefore, insufficient to support removal. *See Commonwealth of Pennsylvania v. Civill,* 313 F.Supp. 1318 (W.D.Pa.1970). Moreover, § 1443(1) has been held inapplicable to cases of sexual discrimination. *Delavigne v. Delavigne,* 530 F.2d 598 (4th Cir.1976).

■ Petitioners point to the Pennsylvania Municipal Planning Code, 53 P.S. § 10101 *et seq.* An examination of this statute reveals that, unlike the Civil Rights Act of 1964 that was invoked in *Georgia v. Rachel,* this is not a statute couched in the specific language of racial equality. It will not, therefore, support removal.

■ Only petitioners' equal protection allegations seem to get past the first requirement of § 1443(1). Although the petition does little more than broadly assert an equal protection claim, I need not stop to decide whether the allegations are specific enough for § 1443 because it is clear, under *Rachel* and *Peacock,* that the petitioners cannot satisfy the second requirement of § 1443(1) as to any of their allegations.

■ In order to establish that they have been "denied or cannot enforce" their civil rights in the state courts, petitioners must point to a formal expression of state law that provides a basis for a firm prediction that their rights will be denied. *See Georgia v. Rachel,* 384 U.S. 780, 794–804, 86 S.Ct. 1783, 1791–1796, 16 L.Ed.2d 925. The Supreme Court has said:

> It is *not* enough to support removal under § 1443(1) to allege or show that the de-

---

**2.** I have assumed for purposes of ruling on whether the petition for removal should be summarily dismissed that petitioners could make out a Sixth Amendment violation. *But*

*see Bacik v. Commonwealth of Pennsylvania,* 61 Pa.Cmwlth. 552, 434 A.2d 860 (1981); Pa.R. Crim.P. 316.

fendant's federal equal civil rights have been illegally or corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Peacock,* 384 U.S. at 827–28, 86 S.Ct. at 1812 (emphasis in original).

Here petitioners only point to an alleged custom in Chester County of discriminatory application of the Pennsylvania Municipal Planning Code. Petitioners do not assert that the code itself or the zoning ordinance under which they are being prosecuted are discriminatory on their face and that the state courts would inevitably enforce them as written, i.e. in a way that discriminates against minorities. Even assuming that this statute is one that provides for equal civil rights, there is no indication that the Pennsylvania state courts cannot or will not correct any erroneous or illegal application of its provisions in Chester County.

Moreover, petitioners' assertions of various denials of their rights by the district justice amount only to allegations of erroneous rulings that could, if indeed erroneous, be rectified in the *de novo* proceeding in the Court of Common Pleas or upon further appeal in the state courts and ultimately in the United States Supreme Court. *See People of the State of New York v. Jenkins,* 422 F.Supp. 412 (S.D.N.Y.1976).

For the foregoing reasons I find that, upon examination of the removal petition and the attached exhibits, it clearly appears that the petition should not be granted. Therefore, I will enter an order dismissing the petition and remanding the case to the Court of Common Pleas.