[No. 5470-5-III.   Division Three.   July 12, 1984.]

ALTON N. FILAN, *Appellant*, v. HOWARD J. MARTIN, ET AL, *Respondents*.

---

*Alton N. Filan,* pro se.

*Arthur R. Eggers, Prosecuting Attorney,* for respondents.

MUNSON, C.J.—Alton Filan appeals a summary judgment dismissing his "Action in Tort for Defendants Violation of Their Oath To Uphold Defend and Support the U.S. Constitution, Thereby Depriving Plaintiff of his Constitutional Rights and Protections, to his Tremendous Detrement [*sic*]." We affirm.

Filan was convicted by a jury of being an accomplice to first degree malicious mischief. *State v. Filan,* 38 Wn. App. 1014 (1984). He commenced this tort action while the criminal trial was being heard, claiming certain judges and prosecutors conspired to keep the constitution from the jury and demanding 100,000 silver dollars as damages. Summary judgment was granted in this action on the grounds of prosecutorial and judicial immunity.

Before reaching the merits, we feel compelled to set out the background of this case, so as to dispel any appearance of bias or prejudice. On March 14, 1984, Filan filed a lawsuit in the United States District Court for the Eastern District of Washington, against 81 named defendants and "John/Jane Does 1–1000." Filan v. Bartelt, C–84–170–RJM (E.D. Wash.). The complaint alleged each defendant had conspired to deprive Filan of his water rights and of his constitutional rights in his criminal trial, and purported to give notice of a "lis pendens" against all of defendants' property. The named defendants included all of the judges, prosecutors, and jurors involved with Filan's criminal trial. Claimed damages exceeded $4.8 million. On April 5, 1984, while this and two other appeals were pending in this court, Filan filed a "Notice of Removal" to the United States District Court for the Eastern District of Washington, citing Fed. R. Civ. P. 81(c).

The United States District Court dismissed these petitions on April 10, 1984, on the grounds of "numerous procedural irregularities" and the impossibility of ascertaining whether the district court would have original jurisdiction. See Mutual Reserve Fund Life Ass'n v. Phelps, 190 U.S. 147, 47 L. Ed. 987, 23 S. Ct. 707 (1903); Lowe v. Williams, 94 U.S. 650, 24 L. Ed. 216 (1877); Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979); Mestice v. McShea, 201 F.2d 363 (3d Cir. 1953); Wright v. London Grove Township, 567 F. Supp. 768 (E.D. Pa. 1983). Filan did not appear in Walla Walla on April 11 for oral argument on his appeals, as scheduled, but was present for the hearings held in Richland on April 12. He argued this court has no jurisdiction and read at length from the United States Constitution.

Before we had taken any action on any of Filan's appeals, each judge on this panel and his wife were added as John and Jane Doe defendants in Filan v. Bartelt, supra.[1] We

---

[1] Judge McNichols of the United States District Court prohibited any further "Doe pleading" when it became apparent Filan would add every attorney, judge

certified this and Filan's two other pending appeals to the Supreme Court, being concerned that our "impartiality might reasonably be questioned", Code of Judicial Conduct, Canon 3(C)(1). The Supreme Court declined certification, on the ground no judge had recognized "personal bias or prejudice" or "personal knowledge" as described in CJC 3(C)(1)(a). The Supreme Court order did, however, grant any judge the option of disqualifying himself if he believed it necessary. We disclaim any such bias or prejudice. Filan v. Bartelt, *supra,* was subsequently dismissed by the United States District Court and Filan was enjoined from bringing any future lawsuits in that court without prior leave.[2]

■ We reach the merits of this case under the ancient rule of necessity. *See United States v. Will,* 449 U.S. 200, 66 L. Ed. 2d 392, 101 S. Ct. 471, 480–82 (1980). This is the common law principle that:

> "although a judge had better not, if it can be avoided, take part in the decision of a case in which he has any personal interest, yet he not only may but must do so if the case cannot be heard otherwise." F. Pollack, A First Book of Jurisprudence 270 (6th ed. 1929).

*United States v. Will, supra* at 213.

The rule of necessity has been applied to several cases wherein judges were joined as defendants. In *Pilla v. American Bar Ass'n,* 542 F.2d 56 (8th Cir. 1976), plaintiffs sued the American Bar Association, several members of the

---

or court administrator who came in contact with the case. The judge had himself been substituted for a "Doe" defendant, but declined to recuse himself on the ground any other judge would become a defendant "the first time he set his hand to an order" in the case.

[2]Judge McNichols cogently termed that action as "[v]exatious litigation, brought for purposes of recreation rather than recovery". He noted Filan's "creative approach to bludgeoning judges, attorneys and civil servants into doing his bidding by simply naming them as defendants even though they have nothing whatever to do with the underlying action." Judge McNichols believed the injunction was necessary to prohibit Filan "from continuing to utilize this Court as a playing field for lashing out at those public officials who do not share his rather unconventional views of the Constitution."

United States Supreme Court, all of the federal circuit judges, "practically all of the district judges of this circuit, members of the Supreme Court of Minnesota and other defendants too numerous to mention", claiming the right to be represented by lay counsel. *Pilla v. American Bar Ass'n, supra* at 57. The court stated plaintiffs had deliberately adopted a procedure which might disqualify every federal judge in the country, and quoted the maxim, "'where all are disqualified, none are disqualified.'" *Pilla v. American Bar Ass'n, supra* at 59.

Similarly, the appellants had named the trial judge as a defendant to their counterclaim, in *Ely Vly. Mines, Inc. v. Lee,* 385 F.2d 188 (9th Cir. 1967). Appellants claimed the judge had conspired with the plaintiffs to ruin appellants' business, and demanded damages in excess of $15 million, trebled, plus punitive damages. *Ely Vly. Mines, Inc. v. Lee, supra* at 190. The Court of Appeals noted each claim against the judge was for a judicial act as to which he was immune from suit, and held he was not disqualified to hear the case.

> Of course, a judge cannot act in his own case. But neither can counsel, by filing specious pleadings, transmute a law suit between others into the judge's own case solely for the purpose of disqualifying him. We have no doubt that, under the peculiar circumstances, the judge retained his power to act.

*Ely Vly. Mines, Inc. v. Lee, supra* at 191. *Accord, Ronwin v. State Bar,* 686 F.2d 692, 701 (9th Cir. 1981), *cert. denied,* __ U.S. __, 77 L. Ed. 2d 314, 103 S. Ct. 2110 (1983) (mere filing of lawsuit against judge will not disqualify him or her); *Kruegel v. Bolanz,* 100 Tex. 572, 102 S.W. 110, 113 (1907) (judge joined as defendant not disqualified unless plaintiff can show "genuine case of complaint" against judge); *Kennett v. Levine,* 50 Wn.2d 212, 310 P.2d 244 (1957) (city counsel not disqualified by alleged prejudice where it has exclusive jurisdiction to conduct hearing and remove commissioner). *See generally* Annot., *Interest of Judge in an Official or Representative Capacity, or Rela-*

*tionship of Judge to One Who Is a Party in an Official or Representative Capacity, as Disqualification,* 10 A.L.R.2d 1307 (1950); Annot., *Necessity as Justifying Action by Judicial or Administrative Officer Otherwise Disqualified To Act in Particular Case,* 39 A.L.R. 1476 (1925).

Because Filan in all likelihood will sue any judge who might become connected with this case, we feel disqualification of ourselves would serve no purpose. We emphasize we had taken no action in any of Filan's appeals when suit was commenced against us, and that lawsuit has been dismissed.

██ It is well settled judges are immune from liability for damages for acts committed within their judicial capacity, even if accused of acting maliciously and corruptly. *Pierson v. Ray,* 386 U.S. 547, 18 L. Ed. 2d 288, 87 S. Ct. 1213 (1967); *Burgess v. Towne,* 13 Wn. App. 954, 538 P.2d 559 (1975).

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors maybe [*sic*] corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision–making but to intimidation.

*Burgess v. Towne, supra* at 957 (quoting from *Pierson v. Ray, supra* at 553–54).

The same rule applies to prosecutors.

> The common–law immunity of a prosecutor is based upon the same considerations that underlie the common–law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.

(Footnote omitted.) *Imbler v. Pachtman,* 424 U.S. 409, 422–23, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976). *Accord,*

*Creelman v. Svenning,* 67 Wn.2d 882, 410 P.2d 606 (1966); *Kuchenreuther v. Whatcom Cy.,* 24 Wn. App. 716, 717, 604 P.2d 499 (1979); *Loveridge v. Schillberg,* 17 Wn. App. 96, 561 P.2d 1107 (1977).

Filan contends immunity is a "house rule" not sanctioned by the Declaration of Independence, United States or Washington Constitutions, or Civil Rights Act, 42 U.S.C. § 1983.

The Declaration of Independence does not have the force of organic law. *Gulf, C. & S.F. Ry. v. Ellis,* 165 U.S. 150, 41 L. Ed. 666, 17 S. Ct. 255, 258 (1897). As for the Civil Rights Act, Congress would have specifically so provided if it intended to abolish such settled rules of law as judicial and prosecutorial immunity. *Imbler v. Pachtman, supra; Pierson v. Ray, supra.*

The First Amendment right to petition the government for redress is not absolute. *United States v. Michigan,* 460 F. Supp. 637 (W.D. Mich. 1978); *Mease v. Heinz,* 80 F.R.D. 119 (E.D. Pa. 1978). A litigant must comply with court rules, *Michigan,* and the law of standing, *Mease.* The state constitutional right to petition is a political right which does not involve an unlimited right of access to the courts. *Housing Auth. v. Saylors,* 87 Wn.2d 732, 557 P.2d 321 (1976); Const. art. 1, § 4.

The ninth amendment to the United States Constitution ensures only those rights deemed fundamental by history and tradition. *Petrey v. Flaugher,* 505 F. Supp. 1087 (E.D. Ky. 1981). It does not necessarily give constitutional magnitude to all unenumerated rights. *Charles v. Brown,* 495 F. Supp. 862 (N.D. Ala. 1980). The same analysis applies to the Tenth Amendment.

█ Lastly, Filan contends the Superior Court lacked jurisdiction in the criminal case of *State v. Filan, supra,* relying upon the United States Constitution, article 3, section 2, which vests original jurisdiction in the Supreme Court when the State is a party. But it was early settled this provision does not apply to cases between a state and its own citizens, as when a state is enforcing its penal code.

*Cohens v. Virginia,* 19 U.S. (6 Wheat.) 264, 5 L. Ed. 257 (1821). *See also Stump v. Sparkman,* 435 U.S. 349, 55 L. Ed. 2d 331, 98 S. Ct. 1099 (1978) (judicial immunity removed only if judge acts in clear absence of all jurisdiction).

As the Supreme Court stated in *Pierson v. Ray, supra* at 553–54:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley* v. *Fisher,* [80 U.S. 335, 20 L. Ed. 646] 13 Wall. 335 (1872).

Filan believes the constitution was enacted to abrogate the common law. That is simply not the case. *See, e.g.,* U.S. Const. amend. 7. The doctrine of judicial immunity exists to ensure citizens' rights of free access to an unbiased and unfettered judiciary. The same is true of prosecutorial immunity. The proper forum for Filan's grievances is his criminal appeal, not this action.

Affirmed.

GREEN and THOMPSON, JJ., concur.