[No. 52126–3.   En Banc.   April 17, 1986.]

JERRY ADKINS, ET AL, *Appellants,* v. CLARK COUNTY, ET AL, *Respondents.*

676

*Peters, Schmalz, Fowler & Inslee, P.S.*, by *Blaine Hopp, Jr.*, for appellants.

*Kenneth O. Eikenberry, Attorney General*, and *Lesley A. Allan* and *Teresa C. Kulik, Assistants; Arthur D. Curtis, Prosecuting Attorney*, and *Michael C. Simon, Deputy*, for respondents.

DOLLIVER, C.J.—Plaintiffs brought a personal injury action against the Aluminum Company of America in Superior Court for Clark County. At the conclusion of this trial, the issues regarding liability were submitted to the jury. Following a dinner break and during the jury deliberations, one of the jury members requested a dictionary from the supervising bailiff. The bailiff gave the third edition of Black's Law Dictionary to the jury. The bailiff is paid by Clark County pursuant to RCW 2.32.360 and works under the supervision of Judge Morgan of the Clark County Superior Court. She had been instructed in the past by Judge Morgan "not to give the jury anything, not to make any communication of any sort but through me."

During the preceding transaction, the attorneys and the judge were at their respective residences. Upon their return to the courthouse, the bailiff told the judge about the dictionary. After receiving a verdict in favor of the plaintiffs,

the court questioned the entire jury panel about its use of the dictionary. The court concluded it could not reasonably say the jury was not influenced by the dictionary and declared a mistrial from which no appeal was taken.

The case was retried and the jury returned a verdict for the defense. Plaintiffs brought the present case in Yakima County against Clark County and the State of Washington for damages caused by the mistrial.

The court dismissed the plaintiff's action on summary judgment. It concluded the conduct of the bailiff was intimately associated with the judicial process and was a discretionary act protected by judicial immunity. The Court of Appeals certified the case to this court.

There is no genuine issue of material fact as to the court's findings. The key issue is whether the bailiff's act of providing a dictionary to the jury upon request is protected by judicial immunity. It is well settled judges are immune from liability for damages from acts committed within their judicial capacity, even if accused of acting maliciously and corruptly. *Stump v. Sparkman,* 435 U.S. 349, 55 L. Ed. 2d 331, 98 S. Ct. 1099 (1978); *Pierson v. Ray,* 386 U.S. 547, 18 L. Ed. 2d 288, 87 S. Ct. 1213 (1967); *Filan v. Martin,* 38 Wn. App. 91, 684 P.2d 769 (1984). *But see Pulliam v. Allen,* 466 U.S. 522, 528–36, 80 L. Ed. 2d 565, 104 S. Ct. 1970 (1984) (judicial immunity is not a bar to prospective injunctive relief against judicial officers acting in a judicial capacity).

Judicial immunity rests on considerations of public policy. This immunity is extended· to judges to protect the interests of society and not necessarily to protect the judges as individuals. *Filan v. Martin, supra. See also Creelman v. Svenning,* 67 Wn.2d 882, 410 P.2d 606 (1966). Its purpose is to insure the independent ˙administration of justice by judges who are free from fear of personal consequences. *Creelman v. Svenning, supra.*

In determining the scope of immunity from civil liability for "judicial acts", a distinction is drawn between acting in excess of general jurisdiction and acting in clear

absence of all jurisdiction. *Burgess v. Towne,* 13 Wn. App. 954, 538 P.2d 559 (1975). To find liability, the actions of the defendant judge must be in clear absence of all jurisdiction, not simply in excess of jurisdiction. *Burgess v. Towne,* at 958. Thus, acts by a judge or judicial officer will be protected by immunity from civil action for damages if they are intimately associated with the judicial process. *Mauro v. Kittitas Cy.,* 26 Wn. App. 538, 613 P.2d 195 (1980).

A superior court judge has the power to appoint as many bailiffs as may be necessary for the orderly and expeditious dispatch of judicial business. RCW 2.32.330. The bailiff works under the control and supervision of the judge. *Zylstra v. Piva,* 85 Wn.2d 743, 539 P.2d 823 (1975). When a judge delegates part of the judge's official duties to a bailiff, the bailiff becomes in effect the alter ego of the judge; the actions of the bailiff are the actions of the judge and the shortcomings of the bailiff are the shortcomings of the judge. *King Cy. v. United Pac. Ins. Co.,* 72 Wn.2d 604, 612, 434 P.2d 554 (1967). Although the judge is in charge of the jury (*see* CR 51(h) and (i)), the bailiff becomes viewed by the jury as speaking on behalf of the judge. *O'Brien v. Seattle,* 52 Wn.2d 543, 548, 327 P.2d 433 (1958).

In this case, plaintiffs claim the bailiff's action at issue was ministerial and, therefore, beyond protection of judicial immunity. *Mauro v. Kittitas Cy., supra.* The defendants argue the bailiff, as the "right arm" of the judge, should be afforded the same protection as the judge when acting in an official capacity.

The trial court concluded the conduct of the bailiff was intimately associated with the judicial process. We agree. If the bailiff is viewed as speaking for the judge, then the bailiff's action in this case was within the color of her jurisdiction. One of the judge's duties is to determine what information can be given to the jury. The bailiff, as the judge's alter ego, did this, even though she may have been acting incorrectly or in excess of her authority.

The duty imposed upon the bailiff, as a judicial officer, is

a judicial duty; her failure to perform it properly is a judicial and not an individual injury. Judicial immunity for the bailiff in this situation is consistent with Washington law. CR 59(a)(1) provides a new trial in cases of "[i]rregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which [a] party was prevented from having a fair trial." This provides a remedy to the affected parties while still protecting judicial officers.

We find the bailiff's action was protected by judicial immunity and, therefore, need not discuss other issues raised by the parties. The trial court is affirmed.

UTTER, DORE, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., and HOLMAN, J. Pro Tem., concur.