225 P.3d 910 (2009)
167 Wash.2d 861
John T. LALLAS and Irene Lallas, husband and wife, Respondents,
v.
SKAGIT COUNTY and Deputy Deanna Randall, Petitioners,
Anthony Reijm and John Does I-III and Jane Does I-III, Defendants.
No. 81672-7.
Supreme Court of Washington, En Banc.
Argued October 20, 2009.
Decided December 31, 2009.
*911 Paul Hewson Reilly, Skagit Coounty Prosecutor's Office, Mount Vernon, WA, for Petitioners.
Harry Bill Platis, Denis Charles Wade, Platis Law Firm, Lynnwood, WA, for Respondents.
Hillary J. Evans, Snohomish County Prosecutor's Office, Civil Division, Everett, WA, for Amicus Curiae Washington Association of Prosecuting Attorneys.
Bryan Patrick Harnetiaux, David P. Gardner, Attorneys at Law, Spokane, WA, George M. Ahrend, Dano Gilbert & Ahrend, PLLC, Moses Lake, WA, for Amicus Curiae Washington State Association for Justice Foundation.
FAIRHURST, J.
¶ 1 Skagit County and Deputy Deanna Randall seek review of a Court of Appeals decision that reversed a grant of summary judgment in their favor. They argue that they should not be liable for deeds that were committed by Deputy Randall while she was acting pursuant to a judicial order. They assert that because Deputy Randall was filling the role of a bailiff and acting pursuant to a court order, she should enjoy judicial immunity from tort liability. We disagree and affirm the Court of Appeals.

I. STATEMENT OF THE CASE
¶ 2 On September 4, 2002, Anthony Reijm appeared before Judge Stephen Skelton of the Skagit County District Court. Reijm had apparently violated conditions of a previous release from custody, and Judge Skelton decided that Reijm was to be taken to jail. The judge summoned Deputy Randall to his courtroom. Deputy Randall was a Skagit County sheriff's deputy who was working a six month shift as a court rover. Her position required her to address security matters for the superior and district courts.
¶ 3 Upon arriving, Deputy Randall saw Reijm sitting in the back of the courtroom. Judge Skelton told Deputy Randall, "[h]e needs to go to jail." Clerk's Papers at 83. Deputy Randall had previously interacted with Reijm and considered him to be a model prisoner. She took Reijm by the elbow and escorted him out of the courtroom. She did not put Reijm in handcuffs.
¶ 4 The jail was located in the same building as the courtroom but on a different floor. While Deputy Randall and Reijm were waiting for the elevator, Reijm broke free of Deputy Randall's grip and started running toward the building entrance. John Lallas was employed as a private security guard and was stationed at the entrance. Seeing that Reijm was fleeing in his direction, Lallas attempted to block his path. Reijm lowered his shoulder into Lallas, knocking Lallas into the air and onto the floor. Lallas was taken to the hospital.
¶ 5 Lallas brought suit against Deputy Randall, Skagit County, and Reijm, alleging negligence. The trial court granted summary judgment in favor of Deputy Randall and the county, concluding that they were immune from suit under the doctrine of judicial immunity. The Court of Appeals reversed. Lallas v. Skagit County, 144 Wash. App. 114, 182 P.3d 443 (2008). We granted review. Lallas v. Skagit County, 165 Wash.2d 1003, 198 P.3d 511 (2008).

II. ISSUE
¶ 6 Are Deputy Randall and Skagit County immune from tort liability under a theory of judicial immunity?

III. ANALYSIS
¶ 7 We review a grant of summary judgment de novo. Campbell v. Ticor Title Ins. Co., 166 Wash.2d 466, 470, 209 P.3d 859 (2009). Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. CR 56(c).
¶ 8 Under common law, judges are absolutely immune from suits in tort that arise from acts performed within their judicial *912 capacity. Taggart v. State, 118 Wash.2d 195, 203, 822 P.2d 243 (1992); Stump v. Sparkman, 435 U.S. 349, 364-65, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Judicial immunity applies even when a judge acts in excess of his or her jurisdiction, as long as there is not a clear absence of jurisdiction. Adkins v. Clark County, 105 Wash.2d 675, 677-78, 717 P.2d 275 (1986) (citing Burgess v. Towne, 13 Wash.App. 954, 958, 538 P.2d 559 (1975)). Immunity does not exist for the benefit of the individual judge but exists to protect the administration of justice by ensuring that judges can decide cases without fear of personal lawsuits. Taggart, 118 Wash.2d at 203, 822 P.2d 243 (citing Adkins, 105 Wash.2d at 677, 717 P.2d 275).
¶ 9 The United States Supreme Court has wisely recognized that caution should accompany any application of absolute immunity. Forrester v. White, 484 U.S. 219, 223-24, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). Absolute immunity prevents recovery even for malicious or corrupt actions. Plotkin v. State, 64 Wash.App. 373, 377-78, 826 P.2d 221 (1992) (citing Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)). Such immunity is "strong medicine" that should be applied only when necessary to ensure judges and other public officials effectively execute their duties. Forrester, 484 U.S. at 230, 108 S.Ct. 538 (quoting Forrester v. White, 792 F.2d 647, 660 (7th Cir. 1986) (Posner, J., dissenting), rev'd, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988)).
¶ 10 We have adopted a functional approach to determining if immunity applies. Taggart, 118 Wash.2d at 210, 822 P.2d 243 (quoting Forrester, 484 U.S. at 227, 108 S.Ct. 538). We look to the function being performed instead of the person who performed it. Id. Thus, judicial immunity applies to judges only when they are acting in a judicial capacity and with color of jurisdiction. See Adkins, 105 Wash.2d at 677-78, 717 P.2d 275.
¶ 11 Skagit County and Deputy Randall argue that this case is similar to Adkins. In Adkins, we applied judicial immunity to protect a bailiff who erroneously gave a dictionary to a jury. 105 Wash.2d at 676, 717 P.2d 275. Immunity turned on whether the bailiff's conduct was "intimately associated with the judicial process." Id. at 678, 717 P.2d 275 (citing Mauro v. Kittitas County, 26 Wash.App. 538, 613 P.2d 195 (1980)). We reasoned that because juries see bailiffs as speaking for the judge, the bailiff in Adkins was acting as the judge's alter ego when she gave the dictionary to the jury. Id. While the bailiff was without actual authority to give the jury a dictionary, it was within the color of her authority to do so as a person who spoke for the judge. Id. Also, judges are in charge of the jury and determine what information it can be given. Id. Because the bailiff was acting within the color of her authority, and providing a dictionary to a jury was a judicial function, we found the bailiff entitled to judicial immunity. Id. at 678-79, 717 P.2d 275.
¶ 12 In contrast, the Court of Appeals in Mauro found Kittitas County not immune from a civil suit for damages when its employee failed to process a judicial order withdrawing an arrest warrant. 26 Wash.App. at 538-39, 541, 613 P.2d 195. In Mauro, which we cited with approval in Adkins, 105 Wash.2d at 678, 717 P.2d 275, Mauro was cited for speeding. Mauro, 26 Wash.App. at 538, 613 P.2d 195. He failed to appear on his trial date, and a warrant was issued for his arrest. Id. He paid the fine for his citation, and the court commissioner executed an order that the warrant be withdrawn. Id. at 538-39, 613 P.2d 195. The order was never processed. Id. Although it is not clear why the order was never processed, the order had to be hand delivered to the sheriff's office. Id. at 539, 613 P.2d 195. Therefore, the fault had to lie with the clerk of either the court or the sheriff's department. Id. at 540, 613 P.2d 195. Mauro was arrested pursuant to the warrant and later brought suit seeking damages. Id. at 539, 613 P.2d 195. The court concluded that the judicial function had been completed when the commissioner executed the order. Id. at 540, 613 P.2d 195. Delivering the order and withdrawing the warrant were ministerial. Id. Because the functions were ministerial and not judicial, the failure to do them was not intimately associated with the judicial process and, therefore, not entitled to immunity. Id.
*913 ¶ 13 The difference between Mauro and Adkins arises from the functions that were being performed. Judges normally determine what information goes to the jury as part of their official duties. Therefore, a bailiff's decision to provide a dictionary to a jury is a judicial function. In contrast, judges do not normally maintain police records or deliver documents to the sheriff's department as part of their official duties. Therefore, the failure to process the order in Mauro was not a judicial function. Here, the function being performed was the transportation of a prisoner to jail. Judges do not normally escort prisoners to jail as part of their official duties. Therefore, escorting a prisoner to jail is not a judicial function.[1] Deputy Randall was engaging in a ministerial function when she escorted Reijm. As a result, we hold that judicial immunity does not shield her from tort liability for her actions.
¶ 14 Because Deputy Randall does not enjoy judicial immunity, we need not determine whether such immunity may be imputed to Skagit County. We affirm the Court of Appeals in reversing the order of dismissal.

IV. CONCLUSION
¶ 15 Judicial immunity shields judges from liability when they engage in judicial conduct without a clear absence of jurisdiction. Judicial immunity even extends to those engaging in judicial conduct under color of judicial authority. See Adkins, 105 Wash.2d 675, 717 P.2d 275. However, judicial immunity does not apply when there is no judicial conduct. Because transporting a prisoner is not something a judge normally does as part of his or her official duties, it is not judicial conduct. Therefore, judicial immunity does not shield Deputy Randall and Skagit County from liability for any tortious conduct committed while escorting Reijm to jail. We affirm the Court of Appeals.
WE CONCUR: GERRY L. ALEXANDER, C.J., SUSAN OWENS, CHARLES W. JOHNSON, BARBARA A. MADSEN, JAMES M. JOHNSON, RICHARD B. SANDERS, DEBRA L. STEPHENS, and TOM CHAMBERS, JJ.
NOTES
[1] In this case, the judge did not order how Reijm was to be transported to jail. The tortious conduct committed by Deputy Randall, if any, was in the manner of transportation. We express no opinion as to the liability of a person who committed a tort where the tortious conduct was part of the substance of the order.