# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MARC LANDRY, an individual<br><br>      Appellant,<br><br> v.<br><br>PORT OF PORT TOWNSEND, a Washington municipal corporation; LARRY CROCKETT, both as an individual and as an agent and / or Executive Director of PORT OF PORT TOWNSEND; JIM PIVARNIK, both as an individual and as an agent / Deputy Director of PORT OF PORT TOWNSEND; PT MARINE ENTERPRISES LLC dba as GOLD STAR MARINE and its co-owner / officer / agent at all relevant times, JIM HECKMAN; and DOES 6 through 15, Inclusive,<br><br>      Respondents. | No. 49617-8-II<br><br><br><br>UNPUBLISHED OPINION |

LEE, J. — Marc Landry filed a complaint against the Port of Port Townsend, challenging the validity of the "Derelict Vessel Agreement & Deposit Form" (derelict vessel agreement) he executed with the Port, under which he was required to pay a "derelict vessel deposit." The superior court denied Landry's motion for summary judgment, granted the Port's motion for summary judgment, and dismissed Landry's claims against the Port.

On appeal, Landry failed to provide a sufficient record for our review. We ordered Landry to supplement the appellate record to allow us to review this appeal. Landry did not comply with our order to perfect the record. Thus, the record is insufficient for us to review Landry's assigned

errors challenging the superior court's order on the summary judgment motions. Accordingly, we dismiss Landry's appeal.

FACTS

A.    LANDRY'S TENANCY WITH THE PORT OF PORT TOWNSEND

The Port of Port Townsend owns and operates "a waterfront haul out yard facility," where boat owners may contract with the Port to store their boats. Clerk's Papers (CP) at 81. This provides boat owners a space to work on their boats out of the water at the Port's yard.

In 2011, Marc Landry became a tenant of the Port and situated his boat on the Port's yard facility. On January 15, 2015, Landry renewed his tenancy with the Port. As a condition of renewing his tenancy, the Port required Landry to execute a "Derelict Vessel Agreement & Deposit Form" (derelict vessel agreement). CP at 140.

The derelict vessel agreement required Landry to provide a derelict vessel deposit in the amount of $17,030.78. According to the derelict vessel agreement, the derelict vessel deposit would be returned to Landry if, and when, Landry removed his boat from the Port's property. However, if Landry failed to remove his boat, abandoned his boat, or failed to pay his storage/moorage fee, the derelict vessel deposit would be forfeited and used in the demolition, transportation, and disposal of his boat. The derelict vessel agreement also stated that the "deposit required herein shall be considered a "Port Charge" as defined by RCW 53.08.310(1)." CP at 140.

B.    LANDRY'S SUIT AGAINST THE PORT

On May 23, 2016, Landry filed a complaint against the Port, the Port's Executive Director Larry Crockett, and the Port's Deputy Director Jim Pivarnik (collectively, the Port) and Gold Star

Marine[1] and its co-owner Jim Heckmann (collectively, Gold Star Marine) seeking "actual, compensatory and fraud-based damages." CP at 2. Landry accused the Port of charging him an unauthorized derelict vessel deposit in his contract with the Port.

Landry requested a judicial determination of whether his boat constituted a "derelict vessel." CP at 15. Landry also sought a judicial determination that his derelict vessel agreement with the Port was the product of fraud and collusion between Gold Star Marine and the Port. In his prayer for relief, Landry requested "emotional damages, fraud-based damages," as well as damages for the "loss of his equity stake" in his boat. CP at 17. Landry specifically requested damages of $10 million for "emotional distress," $1 million for "foregone economic opportunity," and $50,000 for the costs of suit and his legal research time. CP at 17. Landry also requested "fraud damages" equivalent to three times the sum of his $17,030.78 derelict vessel deposit. CP at 17.

C.     MOTIONS FOR SUMMARY JUDGMENT

Landry filed a summary judgment motion asking the superior court to find as a matter of law that the derelict vessel agreement he signed contained an illegal term because his boat could not be classified as a derelict vessel. The Port filed a motion to dismiss Landry's case pursuant to CR 12 and CR 56. The Port argued that the Port was clearly authorized by Title 53, Washington's

---

[1] Between January 2013 and January 2015, Landry relocated his boat to Gold Star Marine, a private business that leases land in the Port's boat haven. Even though Landry named Gold Star Marine as a defendant in this case, he does not seek review of the superior court's order granting summary judgment in favor of Gold Star Marine.

statute governing port districts,[2] to lease its property to Landry and charge him a rental security deposit. The parties submitted 23 documents to the superior court in support of and in opposition to the summary judgment motions.

On August 24, the superior court heard oral argument on the parties' competing summary judgment motions. The superior court denied Landry's summary judgment motion and granted the Port's motion to dismiss Landry's case.

Landry appealed the superior court's order denying his summary judgment motion,[3] granting the Port's summary judgment, and dismissing his claims against the Port. Of the 23 documents the superior court reviewed in reaching its summary judgment decisions, Landry did not provide 16 documents on appeal. Thus, on December 21, 2017, we issued an order requiring Landry to file a supplemental designation of clerk's papers to perfect the appellate record with the additional pleadings and declarations the superior court relied on in its summary judgment rulings.[4] Landry failed to file a supplemental designation of clerk's papers.

---

[2] RCW 53.08.085 provides that, "Every lease of all lands, wharves, docks, and real and personal property of a port district for a term of more than one year shall have the rent secured by rental insurance, bond, or other security satisfactory to the port commission."

[3] Landry designated the court's denial of his summary judgment motion in his notice of appeal. However, in his briefing, Landry did not assign error to the superior court's ruling denying his summary judgment motion.

[4] The documents we ordered Landry to include in a supplemental designation of clerk's papers included: 1) Declaration of Jim Pivarnik, dated August 15, 2016; 2) Plaintiff Landry's Response to Port Motion to Dismiss; 3) The Port's Reply in Support of Dismissal; 4) Plaintiff Landry's statements in Open Court on July 29, 2016; 5) Declaration of Jim Heckmann; 6) Port Defendant's Response in Opposition to Plaintiff's Summary Judgment & In Support of Dismissal; 7) PT Marine Defendant's Response in Opposition to Plaintiff's Summary Judgment; 8) PT Marine Defendants' Reply in Support of PT Marine Motion for Summary Judgment; 9) Landry Reply in Support of Summary Judgment; 10) Plaintiff Landry's August 17, 2016 Motion to Continue; 11) PT Marine Defendants' Opposition to

No. 49617-8-II

ANALYSIS

MOTION FOR SUMMARY JUDGMENT

Landry argues that the superior court erred in granting the Port's summary judgment motion because the evidence showed that his boat did not meet the definition of a "derelict vessel." Br. of Appellant at 8, 10-11. Because Landry has failed to perfect the record on appeal, we are unable to reach the merits of this assigned error and dismiss his appeal.

1.      Standard of Review

The Port's motion sought relief under CR 12 and CR 56. However, because the superior court considered matters outside the pleadings, the CR 12(b)(6) motion converted to a motion for summary judgment. *Kelley v. Pierce County*, 179 Wn. App. 566, 573, 319 P.3d 74, *review denied*, 180 Wn.2d 1019 (2014). This court reviews the grant of summary judgment de novo. *Nelson v. Dep't of Labor & Indus.*, 198 Wn. App. 101, 109, 392 P.3d 1138 (2017).

2.      The Appellate Record is Insufficient for Review

A party seeking review has the burden of perfecting the record so that the reviewing court has all relevant evidence before it. *Stiles v. Kearney*, 168 Wn. App. 250, 259, 277 P.3d 9, *review denied*, 175 Wn.2d 1016 (2012); *Rhinevault v. Rhinevault*, 91 Wn. App. 688, 692, 959 P.2d 687 (1998), *review denied*, 137 Wn.2d 1017 (1999) (appellant has the obligation to perfect the record

Continuance; 12) Plaintiff Landry's August 23, 2016 Motion for Reconsideration in Support of Continuance; 13) Port's Opposition to Continuance; 14) The pleadings and orders on file and docket in cause no. 16-2-00020-6 (Jefferson County Super. Ct.) Eviction Case *Landry I*; 15) The pleadings and orders on file and docket in cause no. 16-2-00040-1 (Jefferson County Super. Ct.) *Landry II*; and 16) The *Landry v. Port of Port Townsend, et al.* complaint filed *in forma pauperis* in Jefferson County Superior Court (No known cause number) *Landry III*.

on appeal). "An insufficient appellate record precludes review of the alleged errors." *Stiles*, 168 Wn. App. at 259.

Here, Landry has the obligation to perfect the record on appeal. *Rhinevault*, 91 Wn. App. at 692. Our review of the superior court's grant of summary judgment is de novo. *Nelson*, 198 Wn. App. at 109. To conduct a de novo review of the superior court's decision, we must review the documents reviewed by the superior court in reaching its decision. Because Landry has failed to perfect the record by providing 16 of the 23 pleadings, affidavits, and documents the superior court considered in reaching its decision, we are unable to conduct a de novo review of the issues he raises on appeal. Accordingly, we dismiss Landry's appeal.

## ATTORNEY FEES ON APPEAL

The Port requests attorney fees on appeal based on "*Port rule* 5.06.080" and RAP 18.9. Br. of Resp't at 47. We grant the Port its reasonable attorney fees to be determined by a Commissioner of this court.

We may grant an award of reasonable attorney fees to a party on appeal, as long as applicable law provides for such an award. RAP 18.1(a). Under Title 53, Washington's statute governing port districts, "In the event of litigation, the prevailing party shall be entitled to reasonable attorneys' fees and costs." RCW 53.08.320(5)(b). Further, RCW 53.08.320 allows the Port to "adopt all rules necessary for rental and use of moorage facilities" and to "establish procedures for the enforcement of these rules by port district." Rule 5.06.080 of the Port's Rules, Regulations, and Procedures provides that "[i]n the event that any party commences legal action to enforce or interpret any provision of these terms and conditions, the prevailing party in such

legal action shall be entitled to an award of attorney's fees and all litigation expenses, in amounts determined by the court." Port rule 5.06.080(B).

Here, Landry commenced legal action to interpret the terms and conditions of the Port's derelict vessel agreement in light of RCW 53.08.310(3). The Port is the prevailing party and, thus, is entitled to an award of attorney fees and costs under RCW 53.08.320. Therefore, we grant the Port its reasonable attorney fees to be determined by a Commissioner of this court.

We dismiss Landry's appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Melnick, J.