IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MELINDA JOHNSON, | ) | |
| | ) | No. 40037-9-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | UNPUBLISHED OPINION |
| DEPARTMENT OF HEALTH, | ) | |
| | ) | |
| Respondent. | ) | |

COONEY, J. — Melinda Johnson, a licensed clinical social worker, entered into a settlement agreement with the Department of Health (Department) following a complaint and subsequent investigation of unprofessional conduct. Ms. Johnson lost contracts with a few insurers after the settlement agreement was made public. Ms. Johnson later sued the Department for declaratory judgment, breach of contract, negligence, negligent infliction of emotional distress, defamation, wrongful interference with a business expectancy, and intentional infliction of emotional distress. The trial court found the

Department was statutorily immune for its actions during Ms. Johnson's disciplinary process and dismissed her claims.

Ms. Johnson timely appeals. We affirm.

BACKGROUND

Ms. Johnson is a licensed clinical social worker who practiced in the Tri-Cities area of Washington during the first decade of this millennium. Ms. Johnson specialized in working with children and had contracts with various insurance companies for the services she provided.

In late 2005, Ms. Johnson provided therapy to "one of the children [(Client C)]" of "Client A and Client B." Clerk's Papers (CP) at 260. In a complaint to the Department, Ms. Johnson was alleged to have exhibited bias against Client A in favor of Client B. She was also said to have diagnosed Client C with autism and Client A with "Munchausen by Proxy" without conducting proper evaluations or consulting with a psychologist. CP at 260-61.

The Department reviewed the allegations and investigated the complaint pursuant to the Uniform Disciplinary Act (UDA), chapter 18.130 RCW. The Department filed a "Statement of Charges" against Ms. Johnson at the conclusion of its investigation. CP at 260. The Statement of Charges was published to the Department's website that resulted in Ms. Johnson losing two contracts with insurers.

Ms. Johnson contested the allegations made in the Statement of Charges. Thereafter, the Department filed a "Statement of Allegations" against Ms. Johnson and extended a "Stipulation to Informal Disposition" (Informal Disposition) settlement offer prior to her scheduled administrative hearing. CP at 275, 281. Ms. Johnson and the Department negotiated the terms of a settlement and ultimately entered into an Informal Disposition.

The Informal Disposition contained a statement that Ms. Johnson was not admitting "any allegations or wrongdoing including the allegations in the Statement of Allegations and Summary of Evidence" and that the Informal Disposition "shall not be construed as a finding of unprofessional conduct or inability to practice." CP at 1605. The Informal Disposition specified it would "be reported to the Health Integrity and Protection Databank (45 C.F.R. pt. 61) and elsewhere as required by law." CP at 1605. It also stated it "is a public document and will be placed on the Department of Health's website and otherwise disseminated as required by the Public Records Act (Chap. 42.56 RCW)." CP at 1605.

The Informal Disposition was reported to the Health Integrity and Protection Databank shortly after it was entered. Thereafter, Ms. Johnson completed the terms of the Informal Disposition, and the Department's report to the Health Integrity and Protection Databank was revised to reflect that Ms. Johnson was released from the Informal Disposition.

In 2012, approximately one year after Ms. Johnson completed the terms of the Informal Disposition, Ms. Johnson filed suit against the Department. Ms. Johnson brought claims for declaratory judgment, breach of contract, negligence, negligent infliction of emotional distress, defamation, wrongful interference with a business expectancy, and intentional infliction of emotional distress. Ms. Johnson's complaint was based on the Department reporting the Informal Disposition to the Health Integrity and Protection Databank that allegedly resulted in her losing contracts with some insurers. The Department denied liability and asserted absolute immunity and quasi-judicial immunity as affirmative defenses.

In 2013, Ms. Johnson and the Department filed cross-motions for summary judgment. The Department argued dismissal of Ms. Johnson's claims was required because the Department enjoyed absolute immunity for its official acts, including disciplinary proceedings, under RCW 18.130.300(1). The Department also alleged Ms. Johnson failed to satisfy essential elements of each of her claims. The court denied Ms. Johnson's motion for summary judgment and granted the Department's motion in part, dismissing the intentional infliction of emotional distress claim.

In 2015, the Department again moved for summary judgment, renewing its argument that it was immune from suit under the UDA. Around the same time, Ms. Johnson brought a motion to compel discovery. The court denied the Department's

motion and did not rule on Ms. Johnson's motion. The Department sought discretionary

review of the applicability of statutory immunity. Discretionary review was denied.

About a year later, Ms. Johnson moved for summary judgment a second time.

Ms. Johnson sought summary judgment "confirming the complainant was not a patient."

CP at 1146. The court denied Ms. Johnson's motion. Ms. Johnson also brought another

motion to compel discovery, which she later voluntarily struck.

In 2023, following this court's decision in *Hiesterman v. Department of

Health*,[1] the Department brought a third motion for summary judgment dismissal of

Ms. Johnson's claims. The Department argued it possessed absolute immunity under

RCW 18.130.300(1) and quasi-judicial immunity, or, alternatively, Ms. Johnson lacked

evidence to support her claims. The court agreed with the Department, concluding it was

statutorily immune from liability. The court granted the Department's motion and

dismissed Ms. Johnson's remaining claims with prejudice

Ms. Johnson timely appeals.[2]

## ANALYSIS

On appeal, Ms. Johnson argues the Department is not entitled to immunity because

it acted outside of the scope of its authority, or the public duty doctrine permits her to sue

the Department in tort. Additionally, for the first time on appeal, she asserts her due

---

[1] 24 Wn. App. 2d 907, 919, 524 P.3d 693 (2022).
[2] The notice of appeal is not in the record.

process rights were violated, application of immunity to her claims violates Washington's Constitution, and she is entitled to outstanding discovery from the Department. We disagree with her first argument, that the Department is not entitled to statutory immunity, and decline to review the latter contentions.[3]

As a threshold issue, the Department argues we should not consider the appendices to Ms. Johnson's brief because they are not a part of the record. "An appendix may not include materials not contained in the record on review without permission from the appellate court" unless the issue "requires study of a statute, rule, regulation, jury instruction, finding of fact, exhibit, or the like." RAP 10.3(a)(8); RAP 10.4(c). Appendix A of Ms. Johnson's opening brief is text from applicable statutes and is therefore permissible. However, Appendices B, C, D, and E are documents not included in our record on appeal. Consequently, those appendices will not be considered.

STATUTORY IMMUNITY

Ms. Johnson argues summary judgment was improper because the Department "failed to follow the law" during her disciplinary process and therefore stepped outside of the scope of its duties. Appellant's Br. at 26. We disagree.

---

[3] Ms. Johnson asserts the special relationship exception to the public duty doctrine based on the Department issuing her a license. Howbeit, she fails to explain what duty the Department owed her that it did not owe the general public or what express assurances the Department provided that would give rise to justifiable reliance on her part.

6

We review orders on summary judgment de novo. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is only appropriate if there are no genuine issues of material fact, and "the moving party is entitled to judgment as a matter of law." *Id*. The moving party bears the initial burden of establishing that there are no disputed issues of material fact. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). "A material fact is one upon which the outcome of the litigation depends in whole or in part." *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

When considering a motion for summary judgment, evidence is considered in a light most favorable to the nonmoving party, here, Ms. Johnson. *Keck*, 184 Wn.2d at 370. If the moving party satisfies its burden, then the burden shifts to the nonmoving party to establish there is a genuine issue for the trier of fact. *Young*, 112 Wn.2d at 225-26. While questions of fact are typically left to the trial process, they may be treated as a matter of law if "reasonable minds could reach but one conclusion." *Hartley v. State*, 103 Wn.2d 768, 775, 698 P.2d 77 (1985) (citing *LaPlante v. State*, 85 Wn.2d 154, 531 P.2d 299 (1975)).

A nonmoving party may not rely on speculation or having its own affidavits accepted at face value. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Instead, a nonmoving party must put "forth specific facts that

sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists." *Id.*

A brief overview of the Department's disciplinary authority pursuant to the UDA is useful to apprehend the need for immunity from liability. The Department oversees the licensing, competency, and quality of health care delivered by healthcare professionals pursuant to the UDA. Chapter 18.130 RCW. The UDA standardized the licensing and disciplinary procedures for health care professions. RCW 18.130.010. The UDA encompasses all "health and health-related professions" including licensed independent clinical social workers. RCW 18.130.040(2)(a)(x); RCW 18.225.080. The UDA provides the Department with extensive power to credential, discipline, and revoke licensure of health professionals. RCW 18.130.055; RCW 18.130.050(2), (8)(a)-(b).

In most cases, an investigation under the UDA begins with a complaint of unprofessional conduct. RCW 18.130.080(1)(a). For health professionals without a board, such as licensed independent clinical social workers, the Secretary of Health assigns the complaint to a "Case Management Team." CP at 1712.

Here, the Department argues it is statutorily immune pursuant to RCW 18.130.300(1) of the UDA. The statute reads: "(1) The secretary, members of the boards or commissions, or individuals acting on their behalf are immune from suit in any action, civil or criminal, based on any disciplinary proceedings or other official acts performed in the course of their duties." The immunity conferred in RCW 18.130.300(1) has been

8

interpreted to extend to the Department. *Janaszak v. State*, 173 Wn. App. 703, 713-14, 297 P.3d 723 (2013); *Hiesterman*, 24 Wn. App. 2d at 919.

In *Janaszak*, Division One of this court analogized the public policy considerations supporting immunity for prosecutors and judges with the Department's disciplinary proceedings. *Janaszak*, 173 Wn. App. at 717. It reasoned prosecutors should be immune from liability not for the protection of the individual official, "'but for the protection of the public and to insure active and independent action of the officers charged with the prosecution of crime, for the protection of life and property.'" *Id.* at 718 (quoting *Creelman v. Svenning*, 67 Wn.2d 882, 884, 410 P.2d 606 (1966)). Similarly, judicial "immunity does not exist for the benefit of the individual judge 'but exists to protect the administration of justice by ensuring that judges can decide cases without fear of personal lawsuits.'" *Id.* at 719 (quoting *Lallas v. Skagit County*, 167 Wn.2d 861, 864, 225 P.3d 910 (2009)).

Like the policy considerations that provide absolute immunity to governmental entities for the official acts of its prosecutors and judges, "the immunity afforded by RCW 18.130.300 exists not to protect individuals but to protect the integrity of a uniform disciplinary process for health care professionals." *Id.* Consequently, the absolute immunity of RCW 18.130.300 extends to the Department "for acts performed in the course of a covered individual's duties." *Id.* at 714 (citing RCW 18.130.300(1)). Later,

9

in *Hiesterman*, Division Two of this court adopted the reasoning of *Janaszak*.

*Hiesterman*, 24 Wn. App. 2d at 915-16.  We follow suit.

Ms. Johnson's claims are all based on disciplinary proceedings.  Accordingly, the Department is immune from liability, provided the Department's actions were within the course of its duties.  RCW 18.130.300(1).  Ms. Johnson argues the Department acted outside the scope of its official duties during her disciplinary process when it violated the law and breached the conditions of the Informal Disposition by reporting the Informal Disposition to federal databanks.  We disagree.

RCW 18.130.110 states:

> (2) The disciplining authority *shall report the issuance of statements of charges and final orders* in cases processed by the disciplining authority to:
> (a) The person or agency who brought to the disciplining authority's attention information which resulted in the initiation of the case;
> (b) Appropriate organizations, public or private, which serve the professions;
> (c) The public. Notification of the public shall include press releases to appropriate local news media and the major news wire services.

(Emphasis added.)  RCW 18.130.110(2)(b) requires that the Department report the statement of charges and final orders to the Healthcare Integrity and Protection Databank, which then sends the information to the National Practitioner Databank.  Further, prior to 2013, the Department reported stipulations to informal dispositions to the Healthcare Integrity and Protection Databank.

No. 40037-9-III
*Johnson v. Dep't of Health*

In addition to the mandate of RCW 18.130.110(2), the Informal Disposition itself

authorized reporting to the Health Integrity and Protection Databank.  The Informal

Disposition provides:

> 1.7 This Stipulation is not formal disciplinary action. However, if the
> Secretary accepts this Stipulation, *it will be reported to the Health Integrity
> and Protection Databank (45 CFR Part 61) and elsewhere as required by
> law.* It is a public document and will be placed on the Department of
> Health's website and otherwise disseminated as required by the Public
> Records Act (Chap. 45.58 RCW).

CP at 1605 (emphasis added).

We have previously held that the Department's "fulfillment of its reporting duty is

conduct protected by statutory immunity under RCW 18.130.300(1)."  *Hiesterman*, 24

Wn. App. 2d at 918.  The Department's public reporting of the Statement of Charges and

the Informal Disposition was within the course of its duties during the disciplinary

process.  The Department is therefore immune from liability for these actions.

Ms. Johnson also argues that the Department erroneously failed to issue a

Statement of Allegations prior to issuing a statement of charges.  Appellant's Br. at 16.

However, RCW 18.130.172(1) states, "Prior to serving a statement of charges . . . the

disciplinary . . . authority *may* furnish a statement of allegations to the licensee."

(emphasis added).  The statute does not require a Statement of Allegations be furnished

prior to the issuance of a statement of charges.

Ms. Johnson's claims are all based on official acts performed in the course of the

Department's disciplinary proceeding.  Consequently, the Department is statutorily

11

immune from liability. Because we conclude the Department possesses absolute immunity, we need not address Ms. Johnson's public duty doctrine argument.

DUE PROCESS, CONSTITUTIONAL CHALLENGE, AND OUTSTANDING DISCOVERY

For the first time on appeal, Ms. Johnson asserts her due process rights were violated, application of immunity to her claims violates Washington's Constitution, and she is entitled to "outstanding discovery." Appellant's Br. at 58. We decline to address these arguments.

Generally, we will not review claims of error on appeal that were not first presented to the trial court, subject to some exceptions. RAP 2.5(a). One exception to this general rule is for manifest errors affecting a constitutional right. RAP 2.5(a)(3). For us to accept review, Ms. Johnson must show the error is manifest and is truly of constitutional dimension. *State v. Kirkman*, 159 Wn.2d 918, 926, 155 P.3d 125 (2007). Ms. Johnson fails to advance an argument on either element.

RAP 2.5(a) "reflects a policy of encouraging the efficient use of judicial resources." *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988). "While we retain the discretion to consider an issue not raised in the trial court, we rarely exercise such discretion." *Deien v. Seattle City Light*, 26 Wn. App. 2d 57, 63, 527 P.3d 102 (2023) (citing *Karlberg v. Otten*, 167 Wn. App. 522, 531, 280 P.3d 1123 (2012)).

RAP 10.3(a)(6) requires a party to provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant

No. 40037-9-III
*Johnson v. Dep't of Health*

parts of the record." The purpose of the rule and related rules "is to enable the court and opposing counsel efficiently and expeditiously to review the accuracy of the factual statements made in the briefs and efficiently and expeditiously to review the relevant legal authority." *Hurlbert v. Gordon*, 64 Wn. App. 386, 400, 824 P.2d 1238 (1992). Ms. Johnson has failed to even reference RAP 2.5(a)(3), let alone present any argument related to its application. We therefore decline to review her constitutional and outstanding discovery arguments.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Cooney, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Melnick, J.P.T.[†]

---

[†] Richard A. Melnick, a retired judge of the Washington State Court of Appeals, is serving as a judge pro tempore of this court pursuant to RCW 2.06.150(1).

13